UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE PARKER,

    Plaintiff,                      CASE NO. 07-CV-13985

v.                                 DISTRICT JUDGE THOMAS LUDINGTON
                                  MAGISTRATE JUDGE CHARLES BINDER
SECRETARY OF THE
DEPARTMENT OF
VETERAN AFFAIRS ,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S AMENDED MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT
(Dkt. 7)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and the motion for more definite statement be **DENIED**.

## II.    REPORT

### A.    Background

By order of United States District Judge Thomas Ludington, this racial discrimination employment case brought under Title VII was referred to the undersigned magistrate judge for pretrial case management on September 25, 2007. (Dkt. 3.)

Plaintiff Lawrence Parker is a disabled veteran who, under Title 38, was given an opportunity to participate in on-the-job training by the Saginaw Veteran's Administration ("VA") Medical Center. (Dkt. 7 at 3; Ex. A.) Plaintiff worked in the food service area under the Non-Paid

Work Experience ("NPWE") program. (Dkt. 1 at 1.) While working in that program, Plaintiff was paid benefits under 38 U.S. C. § 3115(a)(1) and (b)(1). (Dkt. 7 at 3; Dkt. 1 at 1-2.)

Plaintiff's complaint alleges that he was "not fired by staff at the VA Hospital" because his "supervisor Carl, who is head supervisor over operations in food service dept. at the VA was not informed about [him] being fired." (Dkt. 1 at 1.) However, Plaintiff's "badge was taken and [he] was not treated as a human being [as he was] told to leave off the grounds without explanation until after the fact accusations were made up on [him]." (*Id.*) Plaintiff contends that he "was plotted against"; alleging that they were "thinking if they got rid of me I would not persue [sic] my civil rights that they done to me so I could have a good job and not be equal to them!" (*Id.* at 2.) Plaintiff attaches a narrative describing an incident occurring on December 21, 2005, when he was yelled at by a "DAV" bus driver, John Michaels, who would not let him sit in the front seat. (*Id.* at 3.) He then describes how the bus driver delayed his return trip by playing games on the computer before taking him back. (*Id.* at 4-6.) After Plaintiff "told him I was going to turn him in for gambling on company time," the bus driver "threaten[ed] us that he was going to drive to Ann Arbor just to make us wait longer to get back to Saginaw." (*Id.* at 6.)

Plaintiff states that on December 28, 2005, his supervisor Carl told him to go to the security office, where Plaintiff predicted he was going to be hired full-time, but instead, Plaintiff was fired and escorted off the property. (*Id.* at 7.) Plaintiff was informed by his supervisor Carl that someone had "filed a report on" him. (*Id.* at 8.) Plaintiff surmises that he "was terminated from [his] job for slander with the driver who with the D.A.V. [even though he] is a 7 yr veteran Honorable." (*Id.*) Plaintiff states that he is "asking for a full investigation on this slander charge [because he] wasn't treated fairly and the loss of my job in food service." (*Id.*) Plaintiff attaches the Equal Employment Opportunity Commission's ("EEOC") denial of his request for

reconsideration of the initial decision, noting there is no further right of administrative appeal available. (*Id.* at 9-10.)

Defendant filed the instant motion to dismiss or for a more definite statement, to which Plaintiff responded (Dkt.12) and Defendant replied. (Dkt. 13.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).[1] *Twombly* did not change the notion that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, ___U.S.___, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading

---

[1] Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *See Weisbarth v. Geauga Park Dist.,* __F.3d___, No. 06-4189, 2007 WL 2403659 (6th Cir. Aug. 24, 2007) (declining to resolve scope of *Twombly* decision because not necessary to do so).

3

drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, the court may not "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted) (emphasis added). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Thus, the documents that are central to the complaint and are attached to the instant motions may be referred to without converting the motions to summary judgment motions. In this Report, reference is made to the EEOC documentation attached to Plaintiff's complaint and to Defendant's motion. (Dkts. 1, 7.) They will be considered part of the pleadings under *Nieman* and *Weiner*, *supra.*

4

### C. Arguments of the Parties

Defendant moves for dismissal on the following grounds: (1) lack of subject matter jurisdiction because Plaintiff was not an "employee" when he was terminated from the NPWE program; (2) failure to effectuate service of process on the Attorney General under Rule 4(i); (3) failure to state a claim upon which relief can be granted because Plaintiff failed to allege that he met Title VII's prerequisite by initiating EEO counseling on a timely basis, i.e., on June 7, 2006, far beyond the 45-day period provided in 29 C.F.R. 1614.105(a)(1). (Dkt. 7 at 3-5; Ex. B.) Alternatively, Defendant contends that Plaintiff's complaint does not comply with Rule 8(a) because it fails to inform them of the specific factual and legal allegations that Plaintiff relies on to entitle him to relief and fails to express what specific relief Plaintiff is seeking; thus, Defendant seeks a more definite statement as alternative relief. (Dkt. 7 at 5.)

Plaintiff responds that he "do[es] all the work regular employee's [sic] do [and] is a good person." (Dkt. 12 at 2.) Plaintiff further states that he "was fired by a statement made up on me to be not life threatening but a cover up . . . to get me fired saying that I was angry and disruptive as an Afro-American trying to work . . . ." (*Id.*) He further states that "[t]hey just wanted to get rid of me. Because I am an Afro-American (Black) person applying excellent work ethics. In the job world." (*Id.*) Plaintiff further states that he "would like to be compensated for humiliation at the VA Hospital pain and suffering as well as Depression I suffered for and the most part Discrimination as being a USA Disabled Veteran Honorable of the United States of America." (*Id.* at 3.)

### D. Governing Law of Employment Discrimination Claims

Title VII, 42 U.S.C. § 2000 *et seq.*, prohibits employers from discharging, or otherwise discriminating against, an individual with respect to compensation, terms, conditions, or privileges

5

of employment because of race, color, religion, sex, or national origin. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir. 2005). Absent direct evidence of racial discrimination, plaintiffs bear the initial burden of production under the *McDonnell Douglas*[2] burden-shifting scheme to show a prima facie case of discrimination. *Michael v. Caterpillar Financial Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007). The elements of a prima facie case under Title VII are: (1) plaintiff is a member of a protected class, (2) he was subject to an adverse employment action, (3) he was qualified for the position at issue, and (4) he was replaced by someone outside the protected class. *Smith v. City of Salem, Ohio*, 378 F.3d 566, 470 (6th Cir. 2004); *Noble v. Brinker Intern., Inc.*, 391 F.3d 715, 728 (6th Cir. 2004).

If a plaintiff meets this initial burden, this "'creates a rebuttable presumption of discrimination, and the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for taking the challenged [] action.'" *Id.* (quoting *Carter v. University of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003)). If the defendant articulates a legitimate, nondiscriminatory reason, the burden of production shifts back to the plaintiff to "'prove that the proffered reason was actually a pretext to hide unlawful discrimination.'" *Id.*

A proffered reason is pretextual if it "(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.,* 231 F.3d 1016, 1021 (6th Cir. 2000). *See also Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1162 (6th Cir. 1991); *Young v. Sabbatine,* No. 99-6336, 2000 WL 1888672,*4 (6th Cir. Dec. 19, 2000). Intentional discrimination may be inferred when a prima facie case is established and there is evidence of pretext. *Reeves v. Sanderson Plumbing Prods.,*

---

[2]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

*Inc.*, 530 U.S. 133, 147, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) ("'The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination.'" (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993))).

The salient issue in a Title VII claim of discrimination is whether the plaintiff was singled out because of his or her membership in a protected class and treated less favorably than those outside the class, not whether the plaintiff was treated less favorably than "someone's general standard of equitable treatment." *Batts v. NLT Corp.*, 844 F.2d 331, 337 (6th Cir. 1988) (citations omitted).

### E. Discussion

In the instant complaint, Plaintiff alleges he was "plotted against" (Dkt. 1 at 2), "not treated as a human being" (*id.*), and "terminated from my job for slander with the driver." (*Id.* at 8.) His complaint does not mention race. In his response to Defendant's motion, Plaintiff states that the slanderous statement made by the bus driver, apparently contending that Plaintiff was angry and disruptive on the bus, was made to "get me fired . . . as an Afro-American trying to work . . . ." (Dkt. 12 at 2.) It is clear that Plaintiff's focus and his only averred complaints are having to do with being wrongfully accused of disruptive behavior, and not with being treated differently on account of race. I thus suggest that Plaintiff's complaint fails to allege anything beyond Defendant's failure to meet this "general standard of equitable treatment" and should be dismissed for failure to state a claim under Title VII.

In addition, as correctly noted by Defendant (Dkt. 7 at 3), as a participant in the non-paid worker program, Plaintiff was not an employee who would have standing to sue under Title VII.

*See* 29 U.S.C. § 791(e) ("An individual who . . . participates in a program of unpaid work experience in a Federal agency, shall not, by reason thereof, be considered to be a Federal employee or to be subject to the provisions of law relating to Federal employment . . . ."); 38 U.S.C. § 3115(b)(1) ("While pursuing on-job training or work experience under subsection (a)(1) of this section at a federal agency, a veteran shall be considered to be an employee of the United States for the purposes of the benefits of chapter 81 of Title 5, but not for the purposes of laws administered by the Office of Personnel Management.").[3]

Accordingly, I recommend that Defendant's motion to dismiss be granted because Plaintiff has failed to state a claim upon which relief can be granted. I further recommend that the motion for more definite statement be denied.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

---

[3] I also suggest that dismissal is not compelled by Plaintiff's failure to initiate counseling with the EEO within 45 days because the agency did not address the untimeliness issue and instead treated and rejected Plaintiff's claim on the merits (*see* Dkt. 6 at Ex. B), thereby waiving any untimeliness objection. *Momah v. Dominguez*, 239 Fed. App'x 114, 121 (6th Cir. 2007) (citing *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004), and *Ester v. Principi*, 250 F.3d 1068, 1071-73 (7th Cir. 2001)). Although dismissal would be proper under Rule 12(b)(4) for failure to effectuate service on the attorney general as required by Rule 4(i)(1)(B), if service were the sole issue, I would suggest granting leave for Plaintiff to properly serve process before recommending dismissal. *See, e.g., Lindsey v. City of Cleveland*, No. 1:04 CV 2239, 2007 WL 782172, *7 (N.D. Ohio Mar. 13, 2007). I further suggest that the motion for more definite statement should be denied because Plaintiff's response to the motion provided as much clarification as is possible under the circumstances and any further statements by Plaintiff would not aid in analysis.

a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                        s/ Charles E. Binder
                                        CHARLES E. BINDER
Dated: April 14, 2008                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet L. Parker, served on Lawrence Parker by first class mail, and served on District Judge Ludington in the traditional manner.

Date: April 14, 2008          By    s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder